(155 App. Div. 520.)

## SMITH v. APPLETON.

(Supreme Court, Appellate Division, First Department.   March 7, 1913.)

1. FRAUD (§ 58*)—FALSE REPRESENTATIONS—EVIDENCE—SUFFICIENCY.

In an action by a ·buyer of bank stock to recover on the ground of claimed misrepresentations by defendant, evidence *held* to sustain a finding that representation as to the value of the stock, if made, was false.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 55–59; Dec. Dig. § 58.*]

2. FRAUD (§ 59*)—FRAUDULENT REPRESENTATIONS—MEASURE OF DAMAGES.

If a. purchase of stock is induced by the seller fraudulently misrepresenting its value, the measure of the buyer's damage is the difference between what the stock would have been worth at the time of sale if as represented and what it was then actually worth.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

3. EVIDENCE (§ 142*)—MISREPRESENTATION AS TO VALUE—ADMISSIBILITY—SIMILAR TRANSACTIONS.

In an action by a buyer of stock for damages for claimed misrepresentations by the seller as to its value, it was error to permit plaintiff to show that some time. after the sale and after a severe financial panic had intervened similar stock had been sold at auction at much less than plaintiff paid defendant, and that more than a year after his pur-· chase plaintiff sold the stock at private sale to one of his employés at $7,000 less than he paid for it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 416–423; Dec. Dig. § 142.*]

4. TRIAL (§ 284*)—EXCEPTIONS—WAIVER.

Defendant's failure to except to an erroneous instruction on the measure of damages did not waive exceptions to the reception of incompetent evidence as to such damages, and to the trial court's refusal to dismiss the complaint.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 683–685; Dec. Dig. § 284.*]

5. EVIDENCE (§ 129*)—ADMISSIBILITY—OTHER TRANSACTIONS.

In an action by a buyer of stock for damages for claimed misrepresentations, it was error to admit evidence concerning a long subsequent and unrelated transaction in which plaintiff purchased, and later resold, shares of the same stock.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 388–393, 395–398; Dec. Dig. § 129.*]

Appeal from Trial Term, New York County.

Action by Robert S. Smith against R. Ross Appleton. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Morgan J. O'Brien, of New York City, for appellant.
Carlisle Norwood, of New York City, for respondent.

SCOTT, J.   [1] This action arises out of the sale by defendant to plaintiff on November 27, 1907, of 50 shares of the capital stock of the Fourteenth Street Bank.   Plaintiff held the stock until January

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5, 1909, when he sold it at private sale at a substantial loss. In March, 1910, this action was begun. The plaintiff alleges that he was induced to purchase the stock by reason of a number of statements made to him by defendant which he characterizes as representations, and which he says were false and fraudulently made, with intent to induce the sale. Some of these allegations were clearly not representations of any existing fact, but for the purposes of this appeal it is unnecessary to consider any of them save one upon which alone the case was submitted to the jury. This representation as stated in the complaint was:

"That the par value of said stock was then of the book value (meaning thereby the value as shown by the books of said bank) of two hundred and forty dollars ($240) a share.

That this particular representation was made was testified to by the plaintiff and denied by the defendant, and neither was corroborated by any other evidence. So that the solution of that particular issue rests solely upon the contradictory testimony of the two parties, both equally interested in the result. In such a case it is of the first importance that the whole case should be carefully scrutinized, and errors that under other conditions might be overlooked as unimportant assume a serious significance. That is especially true in this case because the allegation of the particular representation upon which the case ultimately turned appears to have been somewhat in the nature of an afterthought. The complaint upon which this trial was had was an amended complaint verified some two years after the original complaint had been verified, and the particular representation upon which this judgment rests was not embraced in the representations alleged in the original complaint.

To prove what the actual book value of the stock was at the time of sale the plaintiff produced two statements of the condition of the bank rendered to the banking department in August, 1907, before the sale, and in February, 1908, after the sale. These statements were signed and verified by the defendant as president of the bank, and it is not denied that they truthfully represented the condition of the bank as shown by its books at the respective dates. From the statement the share value of the stock could be calculated by a simple mathematical process and proved to be much less than the book value the defendant is said to have attributed to it. The defendant claims that some of the items of assets were included in the statement at less than their real value, and hence that the actual value of the stock was greater than its apparent book value, but this, if true, is immaterial, because the only representation with which we are concerned is as to the book value. If, therefore, the representation was made as alleged, the evidence of its falsity is sufficient. Our attention is called to several minor errors in the course of the trial to which it is unnecessary to refer, since there are two of such importance that we feel constrained to order a new trial.

[2] In the first place, the action was tried upon an entirely wrong theory as to the measure of damages. Assuming that the sale of the stock was induced by fraud, the measure of plaintiff's damage was the difference between what the stock would have been worth at the time

of sale if the representation had been true and what it was then actually worth. No attempt was made by plaintiff to prove any element of his damage measured by this rule, unless it can be said the price agreed upon between plaintiff and defendant was prima facie the value at the time if the representation had been true. As to the actual value at the time of sale, no evidence whatever was offered.

[3] The plaintiff was allowed to prove, over defendant's objection and exception, that some time after the sale, and after a severe financial panic had intervened, similar stock had been sold at auction. at much less than he paid defendant. He was also allowed to prove, under like objection and exception, that in January, 1909, more than a year after his purchase, he had sold the stock at private sale to one of his own employés at some $7,000 less than he had paid for it. This evidence was all inadmissible, and if it had been excluded, as it should have been, the court would have been bound to grant defendant's motion at the close of the case to dismiss the complaint or for a verdict for nominal damages. These errors are fatal to the judgment.

[4]. It is true that defendant omitted to except to the erroneous charge as to the measure of damages, but his failure to do this did not eliminate his perfectly valid exceptions to the reception of the evidence. and to the refusal to dismiss the complaint.

[5] Another error, which under the circumstances may have seriously prejudiced the defendant, was the admission of evidence concerning a long subsequent and wholly unrelated transaction in which plaintiff purchased, and later resold, 100 shares of the same stock. This had no bearing whatever upon whether or not the defendant made the representations alleged.

The judgment and order must therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.